[JOAN BERNARD ARMSTRONG, Judge.
This is a property damage case. The trial court found liability of one defendant and awarded damages. Because there is no clear error-manifest wrongness or abuse of discretion below, we will affirm.
Defendant A & H Service Company, Inc. (“A & H”) installed an air conditioner in the plaintiffs’ home. The air conditioner contained a coil manufactured by First Company. The air conditioner leaked and the leak damaged the ceiling of the plaintiffs’ home.
The plaintiffs sued A & H and the First Company. The plaintiffs’ claims included, inter alia, claims for fraud and violation of the Louisiana Unfair and Deceptive Trade Practices Act (“LUDTPA”).
A judge trial was held. Both sides presented expert testimony as well as factual testimony. The defendants argued, inter alia, that the plaintiffs had failed to properly maintain the air conditioner.
The trial court found that the defendants had not defrauded the plaintiffs or violated the LUDTPA. The trial court also found that the plaintiffs were not responsible for the leak. The trial court found that the problem was caused by “poor workmanship” by A & H.
12The trial court found A & H hable and awarded damages of $3,000. The trial court dismissed the claims against First Company.
A & H appeals as to both liability and damages. As to liability, a review of the record as a whole shows that the trial court was reasonable, i.e., not clearly wrong-manifestly erroneous, in finding that poor workmanship of A & H caused the leak and the damage. Therefore, the trial court’s finding as to liability of A & H cannot be disturbed upon appeal. E.g., Bonnette v. Conoco, Inc., 2001-2767 (La.1/28/03), 837 So.2d 1219.
As to the quantum of damages, the trial court as finder of fact has “vast discretion”. E.g., Youn v. Maritime Overseas Corp., 623 So.2d 1257, 1261 (La.1993). We may not disturb the trial court’s determination of the quantum of damages absent an abuse of that vast discretion. Id.
The record reflects that the air conditioning unit malfunctioned continuously, which resulted in the inconvenience and annoyance of numerous service calls as well as the frequent loss of use of the unit for which the plaintiffs had paid. Also, the property damage was to a residence as opposed to, for example, commercial property, and thus, quite naturally resulted in considerable distress. The trial court, which heard live the testimony of the plaintiffs, was in the best position to determine the proper quantum of damages. Based upon the record of the trial court, we cannot conclude that there was an abuse of discretion.
For the foregoing reasons, we affirm the judgment of the trial court.
AFFIRMED.